IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VINCENT F. RIVERA, | ) |
| Plaintiff, | ) 8:06cv662 |
| vs. | ) MEMORANDUM AND ORDER |
| NEBRASKA DEPARTMENT OF CORRECTIONS, et al., | ) |
| Defendants. | ) |

This matter is before the court for initial review of the complaint filed by the plaintiff, Vincent F. Rivera, a prisoner in Florida. By moving to proceed in forma pauperis ("IFP"), the plaintiff subjects his complaint to review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In addition, 28 U.S.C. § 1915A requires "screening" of prisoner complaints:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be

1

granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

In his complaint, the plaintiff seeks $7 trillion and other relief from the Governor of Nebraska, a U.S Senator from Nebraska, a Nebraska member of the U.S. House of Representatives and the Nebraska Department of Correctional Services, all of whom are alleged to be part of a "state-to-state voter disenfranchisement election fraud operation" involving "a network of public corporations known as the Prison Industrial Complex." The members of this organization violate federal statutory and constitutional law.

This case is one of a multitude of lawsuits filed by the plaintiff nationwide. See, e.g., Rivera v. Lingle, 2006 WL 2425551 (D.Hawaii Aug 21, 2006) at *1:

> ...Rivera has filed hundreds of civil actions in the federal courts, most of which were dismissed as frivolous, malicious, or for failure to state a claim. See U.S. Party/Case Index, PACER Service Center, http://pacer.psc.uscourts.gov. ("Pacer") .... Rivera has a history of filing numerous post-judgment motions in his dismissed cases, and ... the United States District Court for the Middle District of Florida had entered a vexatious litigant order against Rivera, in an attempt to curtail these numerous post-judgment motions. See In re: Vincent F. Rivera, Civil No. 3:05-mc-000021, unpub. disp. (M.Dist.Fla, May 5, 2005) (entering a vexatious litigant order against Rivera and detailing his long history in the Florida federal courts).

Usually, the plaintiff's cases are dismissed before service of process because he does not qualify to proceed IFP by virtue of the "three strikes rule of 28 U.S.C. § 1915(g). When three civil cases filed by a prisoner, as defined by the Prison Litigation Reform Act ("PLRA"), have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, the "three strikes" provision of the PLRA provides that the prisoner may not bring a new civil action or appeal without paying the full filing fee at the time of filing, absent "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Having filed many frivolous cases in the United States district courts, the plaintiff became a "three strikes" litigant long ago. See generally Rivera v. Vilsack, 2006 WL 2787461 (N.D.Iowa Sept. 26, 2006) at 1:

> Prior to filing the instant action, the plaintiff filed at least three frivolous actions or appeals. See Rivera v. Allin, 144 F.3d 719, 732 (11th Cir. 1998) (concluding district court did not err when it utilized 28 U.S.C. § 1915(g) to deny the prisoner's application to proceed in forma pauperis); see also

<u>Rivera v. Fla. Dep't of Corr.</u>, 526 U.S. 135 ... (1999) (denying petitioner's request to proceed in forma pauperis and barring prospective noncriminal case filings because petitioner abused the writ process by submitting frivolous filings); <u>Rivera v. Gonzalez</u>, 145 Fed. Appx. 434 (4th Cir. 2005) (affirming district court's decision to dismiss complaint under 28 U.S.C. § 1915A(b)); <u>Rivera v. Cheney</u>, 2005 U.S.App. LEXIS 3377 (D.C. Cir.2005) (revoking appellant's in forma pauperis status pursuant to 28 U.S.C. § 1915(g)); <u>Rivera v. Governor of N.Y.</u>, 92 Fed. Appx. 25 (2d Cir. 2004) (affirming district court's decision to dismiss complaint under 28 U.S.C. § 1915(e)). In addition, it is clear from the plaintiff's complaint that he is not under imminent danger of serious physical injury. Accordingly, the plaintiff's application to proceed in forma pauperis shall be denied, and this action shall be dismissed without prejudice. The Clerk of Court shall file the complaint for the purpose of making a record.

Because more than three of the plaintiff's lawsuits have been dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted, and because there is nothing in his present complaint to suggest that the exception for imminent danger applies to this case, the plaintiff is not eligible to proceed IFP by virtue of 28 U.S.C. § 1915(g). In addition, this action is frivolous, fails to state a claim on which relief may be granted, and seeks monetary relief from one or more defendant(s) shielded by immunity from such relief.

For those reasons, filing no. 2, the plaintiff's Motion to Proceed IFP, is denied, and the plaintiff's complaint and this action are dismissed without prejudice. A separate judgment will be entered accordingly.

SO ORDERED.

October 30, 2006.            BY THE COURT:


            s/ *Richard G. Kopf*
            United States District Judge