IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VINCENT F. RIVERA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV662 |
| | ) | |
| v. | ) | |
| | ) | |
| NEBRASKA DEPARTMENT OF | ) | **MEMORANDUM** |
| CORRECTIONS, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Notice of Appeal. (Filing No. 11.) The court dismissed Plaintiff's claims and entered Judgment in this matter on October 30, 2006. (Filing No. 4 & Filing No. 5.) On May 30, 2008, Plaintiff filed his Notice of Appeal stating that he is appealing to the Tenth Circuit Court of Appeals "the order of this court entered on May 24, 2008." (Filing No. 11) (all-caps font removed).

Federal Rule of Appellate Procedure 4 ("Rule 4") governs the time in which a notice of appeal must be filed. As set forth in Rule 4, a notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(1)(1)(A). This time limit is mandatory and jurisdictional, and failure to file a timely notice of appeal deprives an appellate court of jurisdiction. *See, e.g., Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 462-64 (8th Cir. 2000) (citations omitted). However, Rule 4 permits an extension of time in which to file an appeal if (1) such extension is requested within the "extension period," i.e., within 30 days after expiration of the appeal deadline; and (2) regardless of the "extension period," the appellant shows excusable neglect or good cause for the delayed filing of the appeal. Fed. R. App. P. 4(a)(5)(A). Furthermore, Fed. R. App. P. 3(c) requires that the notice of appeal specify the party taking the appeal; designate the judgment, order, or part being appealed; and name the court to which the appeal is taken.

In this matter, Plaintiff filed his Notice of Appeal over a year after Judgment was entered dismissing his Complaint. Plaintiff did not seek an extension of the time in which to file his Notice of Appeal and Plaintiff has not shown the court that his failure to timely file his Notice of Appeal is for good cause or as a result of excusable neglect. Furthermore, Plaintiff's Notice of Appeal states that he is appealing a nonexistent Memorandum and Order, to a court that does not have jurisdiction over this case. Therefore, Plaintiff's Notice of Appeal is invalid.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Notice of Appeal (filing no. 11) is invalid.

2. The Clerk of the court shall not process the appeal to the Court of Appeals.

June 11, 2008.                    BY THE COURT:

                                   s/ *Richard G. Kopf*
                                   United States District Judge